UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIMEYE CORP.,**<br><br>Plaintiff,<br><br>v.<br><br>**SEATREPID INTERNATIONAL, LLC,**<br><br>Defendant. | **CASE NO. 2:20-cv-02025-NJB-KWR** |

**CONSENT MOTION FOR ENTRY OF**
**STIPULATED PRIVACY ACT PROTECTIVE ORDER**

NOW INTO COURT, through undersigned counsel, comes Defendant, SeaTrepid International, LLC ("SeaTrepid"), and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for the entry of the attached Stipulated Privacy Act Protective Order ( "Protective Order"), and in support thereof, represents and states as follows:

1. On July 16, 2020, DimEye Corp. ("DimEye" or "Plaintiff") filed a Complaint against SeaTrepid, asserting claims for breach of contract and for open account under La. R.S. § 9:2781 based on allegations that SeaTrepid failed to pay for services DimEye provided in connection with the inspection and analysis of flex joints in underwater equipment. DimEye contends that it sent multiple invoices and demand letters to SeaTrepid seeking payment for the services rendered, but that SeaTrepid failed to timely pay the amounts that were invoiced and became due. DimEye also contends that, because the invoices remain unpaid, SeaTrepid is liable to DimEye for reasonable attorneys' fees, expenses, court costs, and legal interest, in addition to the amounts allegedly owed.

2. In response to the Complaint, SeaTrepid filed an Answer with Affirmative Defenses, in which it asserts, among other things, that DimEye's alleged damages (if any) were caused by the fault of others over whom SeaTrepid has no control and for whom SeaTrepid has no responsibility, and that the obligation sued upon has been extinguished, in whole or in part, by payment and set-off. Specifically, SeaTrepid contends that it attempted to pay DimEye an amount consistent with the quoted and agreed-upon contract price when it wired the funds to a bank account in the name of a third party, Leslie Turner, based on email instructions from arnauld@dmieye.com and conversations with an individual named "Frank" who claimed to be the head of DimEye's accounting department.

4. The Cyber Division of the Federal Bureau of Investigation ("FBI"), New Orleans Field Office subsequently investigated Leslie Turner and the email address, arnauld@dmieye.com, in connection with these same events, pursuant to an Internet Crime Complaint Center Complaint Referral Form dated March 2, 2020 (the "IC3 Complaint"). Evidence and information obtained by the FBI during its investigation of the IC3 Complaint is relevant to this action, in which DimEye now claims that it never received payment from SeaTrepid and seeks to recover from SeaTrepid the full amount of the invoices that were allegedly due and owing.

5. Accordingly, on October 16, 2020, SeaTrepid issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") to the FBI, New Orleans Field Office, seeking documents, communications, and information prepared, obtained, or maintained by the FBI in the course of its investigation of the IC3 Complaint. A copy of the Subpoena, along with a letter explaining the relevance of the material requested therein (the "Requested FBI Records") to the claims and defenses at issue in this litigation, was simultaneously provided to the Chief Division Counsel for the FBI New Orleans

Field Office, and subsequently forwarded to the Office of the United States Attorney for the Eastern District of Louisiana (the "USAO"), pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) and 28 C.F.R. § 16.21, *et seq.* (the "Touhy Request").

6. Upon information and belief, the Requested FBI Records may contain confidential and/or privileged information that must be protected from unwarranted disclosure. The Requested FBI Records are also believed to be maintained in a system of records exempt from the mandatory disclosure provisions of the Privacy Act, 5 U.S.C. § 552a, and information contained within the Requested FBI Records may likewise be exempt from the mandatory disclosure provisions of the Freedom of Information Act.

7. Therefore, in order to permit the production of the Requested FBI Records for use in this action, counsel for Plaintiff DimEye and undersigned counsel Defendant SeaTrepid consent to entry of the attached Protective Order, which has been reviewed and approved by the USAO.

8. The entry of the attached Protective Order would serve the interests of judicial efficiency and economy, allowing all parties in this action to proceed efficiently in discovery and beyond while also protecting confidentiality interests.

**WHEREFORE**, Defendant SeaTrepid International, LLC prays that this Court enter the attached Stipulated Privacy Act Protective Order and grant such other relief as it deems just and proper under the premises.

Respectfully submitted:

**PHELPS DUNBAR LLP**

By: */s/ Errol J. King*
Errol J. King – La. Bar Roll No. 17649
Katherine C. Mannino – La. Bar Roll No. 35081
II City Plaza
400 Convention St., Ste. 1100
Baton Rouge, LA  70802

>Post Office Box 4412
>Baton Rouge, LA  70821-4412
>Telephone:  (225) 376-0207
>Telecopier:  (225) 381-9197
>Email: Errol.king@phelps.com
>           Katie.mannino@phelps.com
>
>*Attorneys for SeaTrepid International, LLC*

## CERTIFICATE OF SERVICE

I certify that, November 30, 2020, a copy of the foregoing Stipulated Protective Order for FBI Records was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be served upon all counsel of record by operations of the Court's electronic filing system.

>   */s Errol J. King*
>   Errol J. King

PD.30305908.1