UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIMEYE CORP.,**<br><br>Plaintiff,<br><br>v.<br><br>**SEATREPID INTERNATIONAL, LLC,**<br><br>Defendant. | CASE NO. 2:20-cv-02025-NJB-KWR |

## STIPULATED PRIVACY ACT PROTECTIVE ORDER

On October 16, 2020, SeaTrepid International, LLC ("SeaTrepid") issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") to the Federal Bureau of Investigation ("FBI"), New Orleans Field Office – Cyber Division, Attn: Special Agent Clinton McClean, seeking documents, communications, and information prepared, obtained, or maintained by the FBI in the course of its investigation of the Internet Crime Complaint Center Complaint Referral Form submitted by SeaTrepid on or about March 2, 2020 (the "IC3 Complaint") for use in this civil action. A copy of the Subpoena, along with a letter explaining the relevance of the materials requested therein (the "Requested FBI Records") to the claims and defenses at issue in this litigation, was simultaneously provided to the Chief Division Counsel for the FBI New Orleans Field Office, and subsequently forwarded to the Office of the United States Attorney for the Eastern District of Louisiana ("USAO"), pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) and 28 C.F.R. § 16.21, *et seq*. (the "Touhy Request").

Upon information and belief, the Requested FBI Records may contain confidential and/or privileged information that must be protected from unwarranted disclosure. The Requested FBI Records are also believed to be maintained in a system of records exempt from the mandatory disclosure provisions of the Privacy Act, 5 U.S.C. § 552a, and information contained within the Requested FBI Records may likewise be exempt from the mandatory disclosure provisions of the Freedom of Information Act. Therefore, pursuant to Fed. R. Civ. P. 26(c), and in order to permit the production of the Requested FBI Records for use in this action, if authorized as specified below, it is hereby ORDERED as follows:

1. "Protected Material" for purposes of this Order is defined as any record, document, communication, electronic media, material, and/or information initially prepared or obtained by the FBI and currently maintained within the official custody and control of the FBI. This includes the Requested FBI Records described in the Subpoena.

2. Protected Material, and any and all information contained therein, shall be used only for purposes of litigating the instant lawsuit (including for use in depositions, trial, or other court proceedings), and shall not be disclosed, in any manner whatsoever, to anyone for any other purpose, without modification of this Order, except as set forth in Paragraphs 4 through 7 below. Counsel for the parties shall not use or disclose, and shall take all reasonable steps to prevent the use or disclosure of, such material or information to any other person, or for any other reason.

3. Protected Material subject to this Order shall not be further reproduced except in connection with its use in this litigation. Any reproductions of Protected Material subject to this Order shall also be subject to the terms of this Order.

4. Protected Material, and the information contained therein, will be held in strict confidence. Right of access to and use of such Protected Material (in accordance with this Order) shall be limited to:

   a. The parties in the above-referenced litigation (including, as the case may be, any person(s) subsequently added as a party), the parties' attorneys, and persons regularly employed by those attorneys;

   b. The Court (including, as the case may be, appellate courts) and the Court's personnel, including court reporters;

   c. Witnesses and other third parties whose testimonies are taken in this action by deposition or otherwise, but only to the extent necessary to elicit testimony concerning protected material;

   d. Consultants and expert witnesses retained by any party, only if necessary, in connection with an expert opinion or testimony; and

   e. Any other person(s) mutually authorized by counsel for the parties to examine such materials.

5. Any person having access to the Protected Material shall be informed that it is confidential and subject to a nondisclosure order by this Court. Individuals to whom the Protected Material is made available are bound by the restrictions in this Order. Counsel for the parties shall take reasonable steps to ensure that individuals in their employ and persons mutually authorized by all counsel to examine such Protected Materials comply with this Order.

6. Should any party wish to disclose Protected Material to any person other than those indicated in Paragraph 4, or for any purpose other than in connection with the above-referenced litigation, the party must first meet and confer with the undersigned AUSA, who may authorize such disclosure in writing. If necessary, the party may, on motion, seek modification of this Protective Order by the Court.

7. In the event that any Protected Material is submitted, used, or referred to in any documents, pleadings, motions, evidence, arguments, testimony, depositions, hearings, and/or

trials presented to or before the Court, the parties shall take appropriate steps to maintain the confidentiality of the Protected Material to the greatest extent possible (including, as the case may be, by filing the Protected Material "under seal" in accordance with the requirements and procedures set forth in this Court's Local Civil Rules).

8. The designation or non-designation of any material as Protected Material shall not constitute a waiver of any party's assertion that the material is either covered or not covered by this Order.

9. Unless directed otherwise by the undersigned AUSA or ordered by the Court, all individuals to whom Protected Material is disclosed pursuant to this Order shall destroy and/or return any and all Protected Material and copies thereof to the Chief Division Counsel for the FBI New Orleans Field Office, 2901 Leon C. Simon Blvd. New Orleans, LA 70126, within 30 days after the termination of this action, including any appeals, or when they are no longer a party to or assigned or retained to work on this action, whichever occurs first.

10. Unless directed otherwise by the undersigned AUSA or ordered by the Court, Protected Material and all copies or reproductions thereof must be returned to the Chief Division Counsel for the FBI New Orleans Field Office, 2901 Leon C. Simon Blvd. New Orleans, LA 70126, within 30 days after the termination of this action, including any appeals. Any document created by the parties that contains or reflects Protected Material shall be destroyed within a reasonable period of time after this action is terminated. The parties shall certify to the destruction of all such documents within 30 days of the termination of this action, including any appeals.

11. Nothing in this Order affects the rights of counsel to discuss relevant information contained in the Protected Material with their clients.

PD.30305908.1

12. This Order is without prejudice to the right of any party to make any objection to discovery permitted by the procedural rules governing the case, or by any statute or other authority.

13. This Order does not constitute an admission by any party regarding, or a ruling on the question of, whether any particular material is properly discoverable or admissible, and it does not constitute any ruling on any particular objection to the production or admissibility of any material.

14. Nothing in this Order shall prevent the disclosure as required by law or compelled by any court, or restrict a party's use of materials produced by that party.

**THUS DONE AND SIGNED** this ____ day of _____, 2020, in New Orleans, Louisiana.

_____
**United States District Judge, Eastern District of Louisiana**

### CERTIFICATE OF SERVICE

I certify that, on November 30, 2020, a copy of the foregoing Stipulated Protective Order for FBI Records was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be served upon all counsel of record by operations of the Court's electronic filing system.

                                     ___*/s Errol J. King*___
                                          Errol J. King